IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

LESTER EDWARDS, as the        *
Administrator of the Estate   *
of Christine Johnson          *
                              *
     Plaintiff,               *
                              *
vs.                           *   CIVIL ACTION NO.12-00160-CG-B
                              *
G.A. BRAUN, INC., *et al.*,   *
                              *
     Defendants.              *

## Report and Recommendation

This matter is before the Court on Defendant Jim Stiles' Motion to Dismiss (Doc. 7), Plaintiff's Motion to Remand (Doc. 43), and Motion for Leave to Amend (Doc. 23).  The motions have been fully briefed and have been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's Motion to Remand **GRANTED**, that Plaintiff's request for attorney's fees be **DENIED**, and that Defendant Stiles Motion to Dismiss and Plaintiff's Motion for Leave to Amend be deemed **MOOT**.

### I.   Background

Plaintiff Lester Edwards is the Administrator of the Estate of the late Christine Johnson, who was killed on June 13, 2011 while working at Crown Health Care Laundry Services of Alabama, LLC's ("Crown") facility located in Dallas County, Alabama.

Johnson was engaged in the routine cleaning of a lint filter on a 250 PT industrial dryer, manufactured and distributed by G.A. Braun, Inc. ("Braun"), when she was crushed to death. (Doc. 1, Exh. 1). As the Administrator of Johnson's estate, Edwards, a resident of Tuscaloosa County, Alabama, filed suit against Braun, a New York Corporation, and James Stiles, an Alabama resident and Regional Sales manager for Braun, in the Circuit Court of Dallas County, Alabama. In the Complaint, Plaintiff alleges that Braun as the designer and manufacturer of the 250 PT industrial dryer, was liable under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), that Stiles was negligent in that he failed in his duty to render service with respect to defects in the dryer, that both Braun and Stiles failed to warn Ms. Johnson of the dangers associated with the dryer, that Braun breached the express/implied warranty that the dryer was fit for service, and that the negligence and wantonness of Defendants combined to cause Plaintiff's injury. Plaintiff Edwards seeks punitive damages in an amount to be determined by the jury for the wrongful death of Ms. Johnson. (Id.).

On February 28, 2012, Defendant Braun removed this action to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (Doc. 1). Braun asserts that the amount in controversy in this wrongful death action exceeds $75,000 and

that there is diversity of citizenship because Defendant Stiles has been fraudulently joined in an effort to destroy diversity. (Id.).  Braun also asserts that "although the Complaint does not demand a specific amount of damages, it is 'facially apparent' from the pleading itself that the amount in controversy exceeds the $75,000 jurisdictional minimum." (Id., at 7).  In support of its contentions, Braun attached the affidavit of James Stiles. (Id., Exh. 2).

In his affidavit, Stiles avers that he was employed with Braun as Regional Sales Manager from August 2001 to March 2011 and that his job responsibilities were to identify potential customers and sell products to those customers. (Id., at 2).  Stiles contends that as a sales manager, his job duties did not include rendering mechanical or field service, re-establishing the operation of equipment, or identifying defects. (Id., at 4).  Stiles further avers that he has never received any engineering, technical, or service training that would have qualified him to maintain the dryer and that it was his practice to refer customers with technical or service inquiries to Braun's technical service department. (Id., at 5).  Additionally, Stiles avers that he was never called about any problems with lint collector in the dryers at Crown, and that he had no knowledge of any alleged dangers of the PT dryer with the exception of the warning label affixed to the dryer. (Id., at 9).

On March 6, 2012, Defendant Stiles filed a Motion to Dismiss (Doc. 7) and adopted the same grounds set for in Braun's Notice of Removal.  Shortly thereafter, Plaintiff, on March 26, 2012 filed a Motion to Remand in which he denied that Defendant Stiles was fraudulently joined. (Doc. 9).  Plaintiff argues that this case should be remanded because complete diversity is lacking. (Doc. 9 at 2-3).  In support of this contention, Plaintiff avers that Stiles had a duty to remedy the on-going problems with the lint filter of the dryer, that he was repeatedly notified of problems, and that he failed to act. (Doc. 10 at 6-9).  Plaintiff requests attorney's fee incurred as a result of this removal action. (Id.).

On October 10, 2012, Plaintiff filed a Motion for Leave to Amend. (Doc. 23).  Plaintiff seeks leave to add as defendants Eugene Briggins, Brian Songer, Micheal Sims, and William Sopp. According to Plaintiff, these individuals, two of whom are Alabama residents, are employed by Crown, and they failed to maintain the dryer in question, including the installation of a safety guard.  Defendants oppose Plaintiff' motion, and asserts that it is yet another attempt by Plaintiff to fraudulently join two Alabama residents in order to defeat diversity.

## II.  Analysis

### A. Standard of Review

A removing defendant must establish the propriety of

removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction. See Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.")(citation omitted).  Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).  Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a).  In the instant case, because Plaintiff is an Alabama resident, Defendants have the burden of proving that no properly joined defendants are Alabama residents and that the amount in controversy exceeds $75,000 exclusive of interests and costs. (Id.).  In light of these requirements, the Court turns first to the amount in controversy prong.

## B. Discussion

### 1. Amount in Controversy

The amount in controversy must exceed "the sum of $75,000, exclusive of interest and costs." 28 U.S.C. § 1132.  The

defendant must prove that the amount in controversy exceeded $75,000 at the time when the case was removed. Leonard v. Enter. Rent a Car, Nat'l Car Rental, 279 F.3d 967, 972 (11th Cir. 2002). When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more than likely than not exceeds ... the jurisdictional requirement." Roe v. Michelin N. Am., Inc., 613 F.3d 1058 (11th Cir. 2010)(citation omitted). A removing defendant is not required however "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look to the complaint; however, if the amount is unavailable from the complaint, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed." Id. In Pretka, the Eleventh Circuit held that a party seeking to remove a case to federal court pursuant to the first paragraph of § 1446(b) is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. Id., 608 F.3d at 770-71. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face

of a complaint ... establishes the jurisdictional amount." Id., 608 F.3d at 770.   Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe, 613 F.3d at 1063.

The undersigned finds that while Defendants' reliance on jury verdicts in similar Alabama cases to support its contention that the amount in controversy exceeds the jurisdictional minimum, does not suffice, see Yates v. Medronic, Inc., 2008 U.S. Dist LEXIS 65689, 2008 WL 4016599, at *11 (S.D. Ala. Aug. 26, 2008)(holding that Alabama wrongful death product liability cases relied upon by defendant were not proper means for establishing jurisdictional amount under Lowery), the jurisdictional amount is readily deducible from the Complaint in this case.

Under Alabama law, the jury is empowered to consider the finality of death in fixing the amount of punitive damages. Campbell v. Williams, 638 So.2d 804, 811 (Ala. 1994).  Alabama's wrongful death scheme establishes that, "the very purpose of punitive damages, then, in a wrongful death context, rests upon the Divine concept that all human life is precious." Estes Health Care Centers, Inc. v. Bannerman, 411 So.2d 109, 113 (Ala. 1992).  The Complaint in this action alleges that the defendants negligently and/or wantonly took human life. (Doc. 1, Exh. 1).

"Given that Alabama law views every human life as precious and requires juries to consider the finality of a life cut premature by a defendant's conduct in assessing damages, the Court concludes that it is readily deducible from the complaint that the amount in controversy exceeds $75,000." Ward v. UOP LLC, 2010 U.S. Dist LEXIS 21523 (S.D. Ala. March 9, 2010)(quoting Nelson v. Whirlpool Corp., 668 F.Supp.2d 1368 (S.D. Ala. 2010). Finding that the amount in controversy element is satisfied, the Court now turns to the requirement that all opposing parties are completely diverse.

**2. Fraudulent Joinder**

In the instant case, Defendant Braun alleges that Stiles, an Alabama resident, has been fraudulently joined in an effort to defeat complete diversity. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Under Eleventh Circuit precedent, joinder is deemed fraudulent in three situations:

> (1) when there is no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional issue; and (3) when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse

> defendant has no real connection to the
> claim against the nondiverse defendant.

Id.; See also Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983), superseded by statute on other grounds as stated in Stillwell v. Allstate Ins. Co., 663 F.3d 1329 (11th Cir. 2011).

It appears that Defendant is relying on the first type of joinder. Under this type, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court". Coker, 709 F.2d at 1440-1441. Conversely, if no such possibility exists, the joinder is fraudulent as a matter of law." Nelson, 668 F.Supp.2d 1368 (citations omitted).

The removing defendant's burden of establishing fraudulent joinder "is a heavy one." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). "'The defendant's showing that there is no possibility that a plaintiff can recover under state law must be established by clear and convincing evidence.'" Ward v. UOP LLC, 2010 U.S. Dist. LEXIS 21523, 20 (S.D. Ala. Mar. 9, 2010) (quoting Benjamin v. Thompson, 2005 WL 2285015, at *7 (S.D. Ala. 2005). In resolving a claim of fraudulent joiner, the Court proceeds in a manner similar to that used for ruling on a motion for summary judgment under Federal Rule of Civil

Procedure 56(b). Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 n. 9 (5th Cir. Unit A 1981)). In such a proceeding, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). "In making this determination, the Court must consider the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) (citing Cabalceta, 883 F.2d at 1562). "I[n] the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent and frivolous claims." Benjamin, 2005 WL 2285015 at *7.

As noted supra, Braun contends that Stiles has been fraudulently joined by Plaintiff in an improper attempt to defeat diversity. Plaintiff however contends that Stiles' duties included helping to facilitate complaints about problems with the Braun dryers at Crown's Dallas County facility, that Stiles was repeatedly advised of problems with the dryers, including with the lint holder, and that he was negligent in

10

that he did not properly respond to the reports, and did not warn Crown and its employees about problems with the dryers. In Alabama, a plaintiff asserting a negligence claim must prove (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or injury; and (4) that the defendant's breach was the actual and proximate cause of the plaintiff's loss or injury. QORE, Inc. v. Bradford Bldg. Co., 25 So.3d 1116, 1123 (Ala. 2009) (quotation marks omitted).

In support of his contention, Plaintiff points to the expired written warranty that accompanied the Braun PT 250 dryer and the affidavit of Rick Hamlin, who was employed by Crown during the relevant time. The expired written warranty provides, in pertinent part, as follows:

A. How To Obtain Service Under General Warranty

When a defect is observed during the warranty period, immediately contact the Representative from whom the G.A. Braun, Inc. equipment was purchased. The Representative shall render service, either to re-establish the operation of the equipment or to identify the defect of the defective part. The distributor shall arrange for the repair or replacement of the defective part under G.A. Braun, Inc., general warranty.

Whenever the authorized G.A. Braun, Inc. Representative cannot be reached, or in such remote cases where the Representative does not provide the service required, the customer may contact G.A. Braun, Inc. directly. Whenever contacting the authorized agent, or G.A. Braun, Inc. directly, with

11

regard to the replacement or repair of a
defective part that is under general
warranty, the customer or representative must
identify the equipment by name and model
number; provide its serial number; describe
the complaints; provide the date of purchase;
and if electrically operated, specify
precisely the voltage and current on which
the equipment is operations.

(Doc. 10-6 at 2)

In its response, G.A. Braun, Inc. argues that the expired
warranty does not impose a duty because Stiles' position as
Regional Sales Manager did not include rendering mechanical or
field service, re-establishing service, or identifying defects.
G.A. Braun, Inc. contends that Stiles' affidavit establishes
that his duties were limited to identifying potential customers
and selling products, that he did not receive any technical or
service training, that he referred customers to G.A. Braun,
Inc.'s technical service department, and that he had no
knowledge of any alleged dangers relating to the dryers other
than the warning that was affixed to the dryers.  G.A. Braun,
Inc. contends that under these facts, the Eleventh Circuit's
Legg v. Wyeth, decision, 428 F.3d 1317 (llth Cir. 2005) mandates
the denial of Plaintiff's motion .

Upon review of Plaintiff's pleadings at the time of
removal, the supporting and opposing briefs and the affidavits
submitted by the parties, the undersigned finds that there is a
reasonable basis for predicting that Alabama law might impose

liability on Defendant Stiles.  As a preliminary matter, the undersigned notes that Defendant's reliance on the Wyeth decision is misplaced because in that case, the plaintiff failed to controvert the defendant's showing.  The Court in Wyeth found removal was proper because the defendant pharmaceutical company produced affidavits from three of its sales representatives containing undisputed facts which made it impossible to establish a claim against any resident defendant. (Id., 428 F.3d at 1319).  Specifically, the affidavits established that one representative was not an in-state resident, another representative did not sell the drug at issue, and the third representative had no way of knowing of the health risks of the drug other than what was publicized. (Id.).  The Court found that the plaintiff's failure, in the face of such evidence, to dispute any of the material allegations, doomed the claims against the sales representatives. See Id.

Unlike the Wyeth case, in the case at hand, Plaintiff has produced evidence reflecting that Defendant Stiles was the sales representative who facilitated the sale of the subject Braun dryer to Crown, and that contrary to Stiles' affidavit, the duties of a Braun sales representative actually extend far beyond merely identifying customers and selling Braun equipment. (Docs. 10-5 at 1; 10-6 at 2).  In addition, Plaintiff has produced sworn testimony, through the affidavit of Rick Hamlin,

a Crown employee, reflecting that employees at Crown's Dallas County facility repeatedly consulted with Stiles about various problems with the Braun equipment, and that Stiles was in fact advised of problems with the lint filter on the industrial dryers at Crown's Dallas County facility. These facts are sufficient to establish a colorable claim as Alabama law provides that a corporate agent, who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort. Bethel v. Thorn, 757 So.2d 1154, 1158 (Ala. 1999); Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, 496 So.2d 774, 775 (Ala. 1986). While Stiles has denied any knowledge of problems with the Braun dryers as well as any involvement in handling customers' complaints regarding the dryers, this Court's inquiry is limited to deciding whether Defendants have established by clear and convincing evidence that Plaintiff cannot establish a colorable claim against Stiles. Given evidence that Stiles is listed as the sales representative for the subject dryer, and the material factual disputes regarding the nature of Stiles' job duties and the extent of his knowledge regarding problems with the Braun dryers, it is not clear that Plaintiff cannot establish his negligent and failure to warn claims against Stiles. The undersigned thus finds that Defendant Stiles was not fraudulently joined and that complete diversity is lacking as a

result.   Accordingly, based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be **GRANTED**, and that this case be remanded back to the Circuit Court of Dallas County.

With respect to Plaintiff's request for an award of costs and fees associated with the removal action, the undersigned RECOMMENDS that Plaintiff's request be **DENIED**.   The Supreme Court has enunciated a standard to guide district courts in deciding whether to award fees when remanding a case to state court because of improper removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704 (2005).   The Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id.   Explicitly rejecting the notion that the statute created a presumption in favor of awarding fees, the Court explained that § 1447(c) only authorized an award of costs and fees when such an award was just. Id., 546 U.S. at 132-33.   The reasonableness standard was ultimately the result of balancing "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the

statutory criteria are satisfied." Id.  This Court finds that Defendant's basis for removal was "objectively reasonable" and no unusual circumstances exist to support Plaintiff's claim for costs and fees.  Thus, the Court RECOMMENDS that Plaintiff's request for costs and fees be **DENIED**.

In light of the recommendation that this case be remanded, the undersigned finds that Defendant Stiles Motion to Dismiss and Plaintiff's Motion for Leave to Amend are **MOOT**, and thus RECOMMENDS a finding that these motions are **MOOT**.

### III. Conclusion

Based upon a careful review of Plaintiff's motion, briefs and materials in support, and briefs and materials in opposition, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be **GRANTED**, that Plaintiff's request for costs and fees be **DENIED**, and that Defendant Stiles' Motion to Dismiss and Plaintiff's Motion for Leave to Amend be deemed **MOOT**.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **1st** day of **February, 2013.**

                                        **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[1]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.